MHW

FILED
DEC 2 2009
Dec 2, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
       Plaintiff )
        ) Honorable Judge Nan R. Nolan
vs. )
        ) Case No. 09-CR-00840
        )
JOHN HEMPHILL )
       Defendant )

## MOTION TO DISMISS CRIMINAL COMPLAINT

    NOW COMES the defendant, John Hemphill, by and through his own means, and respectfully moves this Honorable Court, pursuant to Fed.R.Crim.P. 12(b)(3)(B), to dismiss the criminal complaint in this case for lack of jurisdiction and failure to state an offense, and in support thereof states as follows:

(1) The criminal complaint in this case charges defendant Hemphill with **inter alia** mail fraud in violation of Title 18, United States Code, Section 1341and impersonating an officer of the United States of America in violation of Title 18, United States Code, Section 912.

(2) John D. Donnelly, a Postal Inspector for the U.S. Postal Service, subscribed and swore to the criminal complaint in front of the Honorable U.S. Magistrate Judge Nan R. Nolan on the 15th day of October, 2009. In an attempt to establish probable cause that a crime had been committed, Donnelly states in part:

  "my investigation to date established evidence that, from approximately 2002 until present, John Hemphill has engaged in a scheme to defraud property owners and perspective purchasers of property by creating and recording fictitious deeds with county recorder of deeds("CRD") offices in various counties in Illinois, posing as the property owner selling the property in

question. Hemphill typically files a fictitious deed with the CRD that purports to convey title to a parcel of property from its lawful titleholder to one of Hemphill's businesses, and then files a second fictitious deed purporting to convey title of the same property from Hemphill's business entity (the new purported owner) to a third party. To further the scheme, Hemphill also falsely represents to prospective purchasers of properties that Hemphill and Hemphill's business entities have title to these properties in their capacity as a 'federal receiver' or otherwise have lawful authority to convey the properties to third parties. By virtue of those false pretenses, Hemphill then purports to sell these properties to the third parties in exchange for valuable consideration, usually cash payments from the third parties.

Also as part of the scheme, using multiple business names, Hemphill has falsely represented that Hemphill is an official and/or employee of the United States government, and that his business entities are agencies of the United States government. The names of the business entities that Hemphill has used in this manner are the 'United States Mortgage Release Corp' and the 'United States Receivers Caretakers Assn.' According to public records filed with the Illinois Secretary of State's office, Hemphill is the president and registered agent for the United States Mortgage Release Corp, and the president of the United States Receivers Caretakers Assn."

(3) Inspector Donnelly then proceeds to detail two alleged illegal transactions. The first involving a property located at 8600 Stony Island, Chicago, Cook County, Illinois (PIN 20-35-415-037). The second involves a property located at 5436 South Paulina, Chicago, Illinois.

### Argument

(4) Mr. Hemphill is employed by United States Receiver Caretaker Assn., a

chartered municipal and civic organization. As a commissioned officer under the Supreme Court of the United States and governed by statutory authority, the United States Receivership is in derogation of owner's property rights; constitutionality the extreme nature of a receivership and the court's reluctance to grant the relief unless certain circumstances are present stems from the understanding that the power to appoint a receiver is in derogation of a fundamental property right of a legal owner to possession and enjoyment of his property the appointment of a receiver results in the taking and withholding of possession of property from a party without adjudication on the merits despite its extreme nature, the appointment of a receivership notwithstanding irregularities or voidness, has withstood due process challenges and has been held to not violate public policy. This is particularly so where advance notice and an opportunity to be heard are provided. Schachner v. Sikowitz, 94 A.D.2d 709, N.Y.S.2d 49(2d Dep't 1983); CitiCorp Sav. of Illinois, F.A. v. Occhipinti, 136 Ill. App. 3d 835, 91 IU. Dec. 360, 483 N.E.2d 706 (2d Dist. 1985). And as such Mr. Hemphill *is* a government officer.

(5) To obtain jurisdiction over any owner's property rights, the Receivership Court is granted jurisdiction under equitable statutory adverse discretionary powers. Minnesota Hotel Co., Inc. v. Rosa development Co., 495 N.W.2d 888 (Minn. Ct. App. 1993); Band v. Livonia Associates, 176 Mich. App. 95, 439 N.W.2d 285 (1989) "holding the phrase "allowed by law" in statute authorizing the appointment of receivers does not require the presence of a statutory authority as the statute also include those cases where the facts and circumstances render the appointment of a receiver an appropriate exercise of the court's equitable jurisdiction."

(6) On or about Thursday, September 3, 2009 the undercover officer (UCO) entered the United States Receivers Caretaker Association (USCRA) office.

Both defendant Hemphill and Andrea were present when the UCO advised Andrea that he wanted to purchase the property at 5436 South Paulina, Chicago, Illinois. The UCO gave Andrea a Chase cashier's check for five hundred dollars ($500.00) paid to the order of USRCA. Hemphill then approached the UCO and asked the UCO if he had picked out a house. The UCO informed Hemphill that he had selected the house on South Paulina. Hemphill explained that he would submit a bid to the Receivership Court for six thousand dollars ($6,000.00) and the bid process would close on October 16, 2009. The UCO was then told to come back the following day to pick up the keys and a recorded deed. At this point the UCO started waving to the other officers. The other officers then entered into another "city" without authorization. They did not have a letter or any type of documentation from the Receivership Court.

(7) Actions against a Receiver or Corporation or person in receivership actions, growing out of the performance of their duties within the scope of their powers under valid orders of the Receivership Court appointing them do not "bind" them personally, but are regarded as brought against the receivership and judgement recovered in such actions are available only from funds in the receivers hands. In the latter case, a judgement obtained in another court against the receiver maybe presented to the Receivership Court for satisfaction, or the Receivership Court may permit execution of the judgement against the property in receivership. see §270 65 AmJur 2d Chicago Title and Trust Co. v. Goldman, 272 Ill. App. 457, 1933, W.L. 2689 (1st Dist. 1933); Wiswall v. Sampson, 55 U.S. 52, 14 L.Ed. 322 (1852).

(8) Credit Managers: In an action which was pending when the receiver was appointed, although such judgement can be issued against a receiver personally or against his or her private property on a judgement binding the receiver in his or her official capacity. Ass'n of Southern California v. Kennesaw Life and

Acc. Ins. Co., 25 F.3d 743 (9th Cir. 1994); John Hetherington and Sons v. Rudisill, 28 F.2d 713; 62 A.L.R. 377 (C.C.A. 4th Cir. 1928); §271 65 AmJur 2d; Chicago Title and Trust Co. v. Fox Theatres Corporation, 69 F.2d 60; 91 A.L.R. 991 (C.C.A. 2d Cir. 1934); Flournoy v. Bullock, 11 N.M. 87, 66 P. 547 (1901); Fleet v. Hooker, 1936 OK 772, 178 Okla. 640, 63 P.2d 988; 109 A.L.R. 272 (1936).

(9) Defendant Hemphill did not create fictitious deeds that served as a fraud. UCO Molishour stated the Receivership Court appointed the United States Mortgage Release Corp., as a Receiver, to create deeds. see Sec. §333 65 AmJur 2d. Although a deed was made by a Receiver before the sale was confirmed by the Receivership Court, it is good after the confirmation.

(10) Saunders v. Stults, 189 Iowa 1090, 177 N.W. 516, 11 A.L.R. 394 (1920); Barber v. Barber, 349 P.2d 198 (Wyo. 1960); Harrington v. Schuble, 608 S.W.2d 253 (Tex. Civ. App. Houston 14th Dist. 1980) "wherein sufficient irregularity in the Receiver's sale of the marital home was shown to warrant setting aside a sale favored by the Receiver, where the sale was for a price $3000 less than that favored by the husband and wife, provided for a substantially lower down payment, and would result in two promissory notes secured by two separate deed of trust" Mueller v. Mizia, 33 Wis.2d 311, 147 N.W.2d 269 (1967).

(11) In or about March 2009, an attorney (Attorney) representing Atlas Oil Company and its affiliate PAV2, called the telephone number that was listed on the letter and Mr. Hemphill told Attorney that Mr. Hemphill owned the Stoney Island Property. This is simply not true. Mr. Hemphill did have a conversation with the PAV2 Attorney, in which Mr. Hemphill told the Attorney that the property was in receivership because of abandonment and drug activities. Further, because of the abandonment, the Receivership Court did research the property in question at 8000-06 Stony Island, Chicago, Illinois. It was determined that the bank had foreclosed on the property, and left the property

vacant and open, which allowed vandalism and vagrants to be in possession of the property. Because of the vagrancy and drug dealing that was being conducted on the property the Receivership sent a letter instructing that the property owner must repair and enclose the property, but there was no response. The property was then placed into receivership under vacant and un-enclosed land. see Graves v. Ashburn, 215 U.S. 331, 30 S.Ct. 108, 54 L.Ed. 217 (1909); Goodrich v. Stobbe, 908 P.2d 416 (Wyo. 1995). The Receivership then entered a quiet title action as to the whole tract in accord with Pierce v. Lee Bros. Foundry Co., 255 Ala. 410, 51 So.2d 677 (1951); Webster v. Hall, 388 Ill. 401, 58 N.E.2d 575 (1944).

(12) According to the receivership records, PAV2 LLC. was the one foreclosed, further the record never indicated that PAV2 LLC. has ever had a Quit Claim Deed for the property in question. And even if they did have one, the mortgage foreclosure took first possession.

(13) Mr. Hemphill does not sell properties for cash payments. The Receivership runs on donations made by the community. That is how the Receivership is kept going. Mr. Hemphill has never demanded payment from anyone. He is merely a conduit between the Receivership Court and the perspective purchaser of a property that is in receivership.

(14) Under the Abandon Properties Act the property owners are named on every conveyance so there is no fraudulent transaction. Also the bonding agreement ask for the owners to sign, and if it is signed there is no discretion for the Court but to carry on with the sale. The bank and mortgage company are disputing the Quiet Title Act under the Adverse Claim. In a quiet title arising from adverse possession of the land for the term prescribed by statute, even as against the former owner. Thus, an action to quiet title may be maintained if plaintiff's predecessors obtained title by adverse possession and plaintiffs have an equitable interest in the land and are in possession. see Hilliard v. Sisil, 192

F.2d 800 (9th Cir. 1951); Barnes v. Webster, 220 Md. 473, 154 A.2d 918 (1959); Del Web Conservation Holding Corp. v. Tolman, 44 F.Supp.2d 1105 (D.Nev. 1999); Holcomb v. Morris, 457 So.2d 973 (Ala.Civ.App. 1984); Dorchester Hugoton, Ltd. v. Dorchester Master Ltd. Partnership, 1966 Ok.Civ.App. 59, 925 P.2d 1213 (Okla.Ct.App.Div. 3, 1982) cert.dismissed, (Sept. 30,1996); Barrett v. Town of Guerney, 652 P.2d 395 (Wyo. 1982).

## EFFECT OF A SUPERIOR RIGHT OF TITLE VESTED IN THIRD PERSON

(15) One cannot defeat a quiet title bill by showing that the complaint's claim or interest, otherwise sufficient to support the bill, is subject to superior rights in the third persons who are not parties to the suit; it is sufficient that the interest asserted by complaintent in possession be superior to that of those who are parties defendant. Thus, once the plaintiff has established a prima facie case, he or she is entitled to have title quieted, even if an unidentified third party might have a superior title claim.

(16) The standard for the peaceable possession required under some quiet title statutes to vest jurisdiction in a court to quiet title, while falling far short of that needed for title by adverse possession, is clearly greater than casual trespass. The erection and maintenance of a fence is sufficient in itself, to constitute such possession. This was not an act of force or trespass, but rather a bona fide claim. The property was abandoned and notice had been given. see Sheets v. Stiefel, 117 Ind.App. 584, 74 N.E.2d 921 (1947); Federal Savings & Loan Ins. Corp. v. Hatton, 156 Kan. 673, 135 P.2d 559 (1943); Porter v. Schaffer, 126 Md.App. 237, 728 A.2d 755 (1999), cert. denied, 355 Md. 613, 735 A.2d 1107 (1999); Hyland v. Kirkman, 204 N.J.Super. 345, 498 A.2d 1278 (Ch.Div. 1985); Dennison v. Clairborne, 289 Ala. 69, 265 So.2d 853 (1972); Denson v. Pioneer State Bank, 81 Colo. 528, 256 P. 636 (1927).

## STATUTORY REQUIREMENTS

(18) Although possession in the complaint is required by the common law and by some statutes, at least if the lands are occupied or improved other statutes permit suit to be maintained, not withstanding the fact the plaintiff is out of possession, by the statutory quiet title action maintainable by one now not in possession, but in adverse possession proof of independent of the right that the law presents from a showing of the legal title.

## CREDITORS, LIENORS, AND ENCUMBRANCES

(19) It has been held that a mortgage may maintain a quiet title action, at least in certain situations. However, it has also been held that because a mortgagee's interest attaches to the land, and not the title, a mortgagee who also is not in possession of the land cannot bring an action to quiet title. In addition, it has also been held that a quiet title action against a possessor with claimed legal title may be maintained only by one with a right to immediate possession founded on legal title, and may not be brought by a mere lien holder.

(20) While it is true that such a purchaser may maintain an action to quiet title against the judgement debtor even before the period of redemption has expired, this is because he or she holds "legal" title. A lien holder does not have a title, either legal or equitable, and therefore is not a claimant of title. And does not have a sufficient interest in the land to maintain an action to quiet title to real property in the absence of the levying of an execution. A person has no such interest in real property that will enable him or her to maintain a suit to quiet title. see Am.Jur. 2d, Banks and Financial Institutions §1046, Forms Referance: Agreement Between Creditors And Debtor For Appointment Of Non-Court Receivers §221:41, Failure To Pay Taxes Or Keep Premises Adequately Insured, 16 Am.Jur. Legal Forms 2d, Receivers §221:47

## WHO MAY APPLY FOR APPOINTMENT OF RECEIVERS

(21) If the land is in a natural condition, un-enclosed by fences, and vacant

the person holding title to the land may initiate a quiet title to the land. The complainant is presumed to have constructive possession of the land. It has thus been said that, as a prerequisite to a quiet title suit, the land in controversy must either be in the <u>possession</u> of the complainant, or be vacant and unimproved.

## CHARACTER AS JUDICIAL OR EXECUTION OF SALE

(22) Because a receiver is an officer of the Court, a Receiver's sale is a judicial sale. A "Receiver's Sale" is one where the receiver is an agent of the Court and the property in the Receiver's hands is really under the control and continuous supervision of the Receivership Court, §327 Am.Jur. 2d. In the absence of statutory limitations, the Receivership Court has broad discretion in determining the manner of disposition of the Receivership property. The advice of the Receivers and place of disposing of it, and in regard to its care and custody, are entitled to great respect and weight. Unless the Court prescribes a different mode of sale, a receiver, when authorized, when directed to sell the assets of a bank, has no power to barter, trade, or exchange such assets. see: Penny v. Cash, 201 Ga. 215, 39 S.E.2d 397 (1946); Matter of Fairfield General corp., 75 N.J. 398, 383 A.2d 98 (1978); Rappaport v. Stein, 360 Pa. Super. 325, 520 A.2d 480 (1987); Hannon v. Mechanics Bldg. & Loan Ass'n of Spartanburg, 177 S.C. 153, 180 S.E. 873, 100 A.L.R. 928 (1935); Chapman v. Schiller, 95 Utah 514, 83 P.2d 249, 120 A.L.R. 906 (1938). Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881); Walton v. Severson, 100 Wash. 2d 446, 670 P.2d 639 (1983). People v. Riverside University, 35 Cal.App.3d 572, 111 Cal.Rptr. 68 (4th Dist. 1973); Ellis v. Little, 27 Kan. 707, 1882 W.L. 1021 (1882).

(23) On or about August 16, 2009 Mr. Hemphill set up a receivership hearing at U.S.C.R.A., a chartered government institution, which allowed the Receivership Court to place notice to all banks, mortgage companies, creditors, and all

encumbrancers, lien holders to pay the lien off. But F.H.A., U.S. Postal Service and UCC John D. Donnelly illegally entered another "city" entity, without any awareness in the letter case. A Receivership Court may, upon application to it, either itself determine a claim against a Receiver, growing out of the Receivership, or allow the applicant to proceed against the Receivership in some other court to adjudicate his or her claim.

## PROTECTION AGAINST INTERFERENCE

(24) §112 65 Am.Jur. 2d states: "A receiver is charged with the duty of managing the Receivership's Court estate and property entrusted to his or her care, and must administer the receivership, free from outside interference with the estate property. Actions calculated to interfere with the Receivership Court's proper administration of the Receivership Court property are inconsistent with the concept of a receivership. Thus, a Receivership protects the receiver against interference, without the consent of the Receivership Court, with the Receiver's custody and possession of the property subject to the receivership." see: Eller Industries, Inc. v. Indian Motorcycle Mfg. Inc., 929 F.Supp 369 (D.Colo. 1995); Kluckhuhn v. Ivy Hill Ass'n. Inc., 55 Md.App. 41, 461 A.2d 16 (1983), cert granted, 297 Md. 317, 466 A.2d 38 (1983) and cert. granted, 297 Md. 317 (1983), and judgement aff'd, 299 Md. 695, 472 A.2d 77 (1984); Strickland v. Williams, 215 Ga. 175, 109 S.E.2d 761 (1959).

(25) ## INTERFERENCE BY PARTY OR CREDITOR

§113 65 Am.Jur.2d

"Property in a Receiver's possession is in custdia legis, and implicit in an order establishing custodia legis status by the appointment of a receiver is that the property becomes inalienable without the knowledge and consent of the Receivership Court. No one, including a party, has the right to interfere with property that is in the Receivership Court's possession through its Receiver.

Creditors have no right to interfere with the property or acquire liens upon it which if enforced would affect the rights of those acquiring title under the Receiver's distribution. Thus, upon the appointment of a Receiver, control of the assets under receivership, or which would improve the position of one creditor at the expense of the other creditors. see: Eller Industries, Inc. v. Indian Motorcycle Mfg. Inc., 929 F.Supp 369 (1995); Ferguson v. Cremer, 349 Md. 760, 709 A.2d 1279 (1998); §107 65 Am.Jur. 2d; Turner v. Superior Court, 72 Cal.App.3d 804, 140 Cal.App.3d 804, 140 Cal.Rptr. 475 (5th Dist. 1977).

(26) As far as a receiver being an agent, agent representative, or arm of the court, see §80, §81 Am.Jur.2d; Wilzig v. Sisselman, 209 N.J. Super. 25, 506 A.2d 1238 (App.Div. 1986).

## COURT'S POWER TO PROTECT RECEIVER

(27) §115 65 Am.Jur.2d states:

"A Receivership Court has broad equitable powers to prevent interference with the administration of the receivership by blanket stay orders as well as injunctions against particular actions including actions which might otherwise be permissible. Indeed, a Receivership Court has the duty to protect a Receiver against interference with the Receivership property by suit. see: Securities and Exchange Commission v. United Financial Group, Inc., 576 F.2d 277 (9th Cir. 1978). As to injunction against interference with a receiver see §116 Am.Jur.2d

## CONCLUSION

(28) Mr. Hemphill's civil and Constitutional Rights are being violated under the 5th, 6th, 10th, and 11th Amendments. As a Receivership Court employee, defendant Hemphill has immunity from criminal prosecution. The UCO, aka John D. Donnelly, has over ten years experience with the U.S. Postal Inspectors, as stated in the criminal complaint. As such, he is expected to have knowledge of the law. He knowingly and intentionally knew that the United States Receiver

Caretaker Association is a civil and chartered municipal entity. Further, he knew or should have known, that Mr. Hemphill was under the jurisdiction of the Receivership Court. Therefore, the defendant moves this honorable court to dismiss the case in chief with prejudice.

Respectfully submitted this 23th day of November, 2009.

_____(Pro Se)
John Hemphill
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, Illinois 60605

FILED
DEC 2 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
        Plaintiff )
)      Honorable Judge Nan R. Nolan
vs. )
)      Case No. 09-CR-00840
)
JOHN HEMPHILL )
        Defendant )

## NOTICE OF MOTION

TO: Patrick Fitzgerald
    United States Attorney's Office
    219 S. Dearborn St. - Fifth Floor
    Chicago, IL. 60604

PLEASE TAKE NOTICE that on November 23, 2009 I, John Hemphill, Pro Se defendant have mailed a NOTICE OF MOTION and MOTION TO DISMISS CRIMINAL COMPLAINT with a PROOF OF SERVICE to the above parties along with copies to the District Court Clerk's Office at 219 South Dearborn Street, Chicago, Illinois 60604.

_____ (Pro Se)
John Hemphill, Defendant
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
        Plaintiff )
)        Honorable Judge Nan R. Nolan
vs. )
)        Case No. 09-00840
)
JOHN HEMPHILL )
        Defendant )

## PROOF OF SERVICE

I, John Hemphill, Pro Se, certifies under the penalty of perjury, that he served a copy of this notice and the attached pleading on the parties to whom it is directed by placing said copy first class postage prepaid into a depository marked "legal mail" located within the Metropolitan Correctional Center, 71 West Van Buren Street, Chicago, Illinois 60605 on the 23 day of November, 2009.

*[signature]*

John Hemphill 22826-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL. 60605